Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered June 28, 2007, which, to the extent appealed from, permitted defendant Sullivan to testify at a deposition and ordered production of documents concerning certain topics even if his responses revealed information or communications that Gramercy Financial Group claimed were privileged and/or confidential, unanimously affirmed, without costs.
Code of Professional Responsibility DR 4-101 (c) (22 NYCRR 1200.19 [c]) provides: “A lawyer may reveal:... (4) Confidences or secrets necessary ... to defend the lawyer . . . against an accusation of wrongful conduct.” We decline to make defendants’ invocation of this rule dependent on plaintiffs demonstration of a prima facie case of defendants’ liability (see Justice Stallman’s later ruling on a related matter in this case, 18 Mise 3d 673, 683 [Dec. 17, 2007]).
The issue of whether plaintiff was defendants’ client is to be tried (see id. at 684), so Gramercy should not assume that plaintiff is a nonclient. Even if plaintiff were not defendants’ client, DR 4-101 (c) (4) does not require the nonclient’s allegation of wrongful conduct to involve criminal or regulatory charges rather than malpractice (see Restatement [Third] of Law Governing Lawyers § 64, Comment c).
Gramercy’s argument that the motion court should have deferred decision until after summary judgment (even though neither plaintiff nor defendants have moved for summary judgment) is without merit. It is not for Gramercy to dictate the litigation decisions of the parties. Concur—Mazzarelli, J.E, Friedman, Nardelli, Buckley and Freedman, JJ. [See 2007 NY Slip Op 31861(U).]